**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1055
_____

JUAN LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-694-426 )
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2011
Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: August 3, 2011 )
_____

OPINION
_____

PER CURIAM

Juan Lin petitions for review of an order of the Board of Immigration Appeals

("BIA"), which dismissed her appeal of an Immigration Judge's ("IJ") final removal

order.  We will deny the petition for review.

I.

Lin is a native and citizen of China. She was placed in removal proceedings for entering the United States without inspection.[1] Lin applied for asylum and related relief based on her allegation that she was forced to have an abortion in China, and that she was likely to be persecuted and/or tortured if she returned to China because she violated Chinese family planning policies by giving birth to two children in the United States.

The IJ found that Lin was not credible in regards to her claim of having experienced a forced abortion, that there was no pattern or practice of persecution of Chinese citizens who return to China after having given birth to children in the United States, and that Lin had not presented evidence that she was likely to be singled out for forced sterilization. The IJ found that because Lin had not met the burden of showing that she was eligible for asylum, she necessarily failed the higher burden of showing that she was eligible for withholding of removal. The IJ also found no evidence to show that she would likely be tortured upon her return to China.

The BIA found no clear error in the IJ's adverse credibility finding. The BIA found no error in the IJ's finding that Lin's testimony regarding her relationship with her boyfriend in China was inconsistent with the statements regarding that relationship in a

---

[1] As the parties are familiar with the facts of this case, we recount only those facts relevant to our decision.

letter from Lin's mother.[2]  The BIA also noted that the IJ's adverse credibility finding was based on a document introduced by the Government at the hearing, showing that Lin had provided, for purposes of an employment authorization application, a copy of a page from a Chinese passport, issued in New York on August 11, 2004.  The BIA noted that the IJ found this evidence inconsistent with a prescription slip provided by Lin, dated August 27, 2004, purportedly produced in China, and showing that she became aware that she was pregnant for a second time on that date.  A.R. 4.  The BIA found that "[t]hese defects went to the heart of [Lin's] claim of past persecution."  Id.

The BIA also found no basis for disturbing the IJ's determination that Lin had not provided persuasive testimony and sufficient corroboration of the claim that she had been forced to have an abortion.  The BIA noted that a record from a medical visit in the United States reflecting that Lin had previously had an abortion "did not suffice to establish a 'forced' abortion."  A.R. 5.

The BIA noted that Lin did not make any appellate arguments regarding the IJ's determinations regarding the possibility of future persecution or the IJ's determination that she had not met her burden of showing eligibility for withholding of removal.  The BIA stated that even assuming the issues were properly before it, the BIA "agree[d] with

---

[2] The IJ noted Lin's testimony that she did not tell her mother until after her forced abortion in 2004 that she had been planning to marry her boyfriend.  He also noted that she testified that she never lived with her boyfriend, but met with him secretly.  In contrast, the mother's letter describes her daughter telling her that her boyfriend proposed to in 2003, and also states that Lin and her boyfriend started to live together after the

3

the [IJ] that [Lin] did not present sufficient evidence to meet her burden of proof for asylum eligibility or the more stringent burden of proof for withholding of removal on her claim based on the birth of her United States citizen children." A.R. 5. The BIA similarly found that Lin had waived her claim that she was eligible for protection under the Convention Against Torture ("CAT"), but found that even if the claim were properly before it, it would agree with the IJ that Lin had not met her burden of proof for CAT relief. Id. Lin filed a timely, counseled petition for review.

II.

We first consider the scope of our review. We have jurisdiction pursuant to section 242 of the Immigration and Nationality Act ("INA"),8 U.S.C. § 1252. We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ's opinion, we review the IJ's opinion to determine whether the BIA's decision to defer to the IJ was appropriate. Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005). An alien must "raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); 8 U.S.C. § 1252(d)(1). As noted by the BIA (and by the Government in its brief here), Lin failed to challenge (1) the IJ's determinations regarding the possibility of future persecution, (2) the IJ's finding that she failed to meet the burden for withholding of removal, and (3) the IJ's finding that she failed to show she

proposal. A.R. 59-60.

4

was eligible for protection under the CAT. We agree with the Government that Lin has waived review of these issues by failing to raise the issues in her brief Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005). We thus consider the only remaining claims: that the IJ erred in finding that she was not credible and that she had not provided sufficient corroboration.

### III

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42). Pursuant to statute, a person who has been forced to abort a pregnancy shall be deemed to have been persecuted on account of political opinion; similarly, a person who has a well founded fear that she will be forced to undergo an abortion or involuntary sterilization, or who will be subject to persecution for failure to undergo such a procedure, shall be deemed to have a well-founded fear of persecution on account of political opinion. Id.

An adverse credibility finding is reviewed under the substantial evidence test, and must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting 8 U.S.C. § 1252(b)(4)(B)).[3] To reverse an adverse credibility finding, the evidence of credibility

---

[3] Because Lin's asylum application was filed before the effective date of the

must be so strong "that in a civil trial [the alien] would be entitled to judgment on the credibility issue as a matter of law." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

Lin provides an alternative explanation for the apparent inconsistencies between her testimony and her mother's letter. She argues that although the letter says "My daughter told me" about the engagement and getting pregnant, the letter does not say *when* Lin informed her mother of these incidents. Thus, she argues, the letter is not inconsistent with her allegation that she did not tell her mother of the incidents until after the abortion. However, as Lin recognizes, where there can be two permissible views of the evidence, a fact-finder's choice between them cannot be clearly erroneous. See Anderson v. City of Bessemer, 470 U.S.564, 574 (1985), The record does not compel us to conclude that the IJ's interpretation of the letter is erroneous.

Lin also appears to argue that the IJ should not have allowed the Government to offer impeachment evidence from Lin's employment authorization application, including a copy of a passport page issued in New York City on August 11, 2004. Lin argues she was surprised by this evidence. However, we agree with the IJ that because it was a document that she had herself submitted to the Government, she should not have been surprised by the evidence. Further, she has provided no explanation for how she could have been issued a passport in New York several days before she was given a

REAL ID Act, the provisions of that Act concerning adverse credibility findings do not apply. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008).

prescription (noting a second pregnancy) in China. Given these inconsistencies, Lin is not entitled to a positive credibility finding as a matter of law.

Finally, the BIA noted that even if the medical record prepared in the United States established that Lin had an abortion in China,[4] the evidence did not suffice to show that the abortion was forced. We agree. In her brief here, Lin argues that "forced" could mean that she had no practical choice but to have an abortion, given the fact that she would face monetary sanctions. Lin did not raise any such claim before the BIA, and we decline to consider it here. Abdulrahman, 330 F.3d at 594-95.

For the foregoing reasons, we will deny the petition for review.

---

[4] The record actually just establishes that Lin *told* her doctor in the United States that she previously had an abortion.